UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TONY DEJUAN JACKSON, | Case No. 24-CV-3334 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| PAUL SCHNELL, Commissioner of Minnesota Department of Corrections; and WILLIAM BOLIN, Warden Stillwater Close Custody Correctional Facility, | |
| Defendants. | |

Tony Dejuan Jackson, an inmate at Minnesota Correctional Facility Stillwater ("MCF Stillwater") in Bayport, Minnesota, sued MCF Stillwater officials under 42 U.S.C. Section 1983, alleging that their actions or inaction violated several of his constitutional rights. In a Report and Recommendation, United States Magistrate Judge Leo I. Brisbois recommends dismissing Jackson's Section 1983 claims for failure to state a claim and denying Jackson's other pending motions as moot. (ECF No. 10 ("R&R") at 17.) Jackson objected to the R&R, (ECF No. 14 ("Obj.")), and moved to amend the complaint twice. (ECF Nos. 11, 21.) He then moved to (1) strike the amended complaints, (2) dismiss one defendant, and (3) file a third version of an amended complaint. (ECF No. 23.) A month later, Jackson filed a "clean and corrected" version of the amended complaint. (ECF No. 26.) A little over a month after that, he filed additional exhibits for the clean and

corrected amended complaint. (ECF No. 30.) For the following reasons, the Court overrules Jackson's objection, accepts the R&R, grants his motion to strike the amended complaints and dismiss one defendant, denies his motion to amend the complaint, and dismisses the operative complaint without prejudice.

## BACKGROUND

Jackson objects that the R&R contains "Deliberate and Intentionally gross Recharacterization of the factual allegations" in the operative complaint, yet never identifies which facts are allegedly mischaracterized, nor identifies how the R&R mischaracterizes them. (Obj. at 2.) Having reviewed the complaint allegations, the Court adopts the facts as recited in the R&R. The Court includes facts from the operative complaint necessary to contextualize Jackson's new claims and objections.

Jackson is incarcerated at MCF Stillwater, which was placed on lockdown several times in 2024. He was subject to segregation and a disciplinary hearing during one of these lockdowns. Jackson also claims that the visiting-room conditions at MCF Stillwater are dangerous. Jackson asserts that these events caused him pain and suffering. (ECF No. 9 ("Compl.") at 30.)

Judge Brisbois construed the complaint as raising claims under Section 1983 against defendants Paul Schnell and William Bolin in their individual and official capacities for violating his constitutional rights. (R&R at 5–7.) The R&R noted five alleged constitutional violations: (1) Defendants failed to implement body worn cameras despite

obtaining the necessary funding; (2) Jackson was denied constitutional due process during his June 11, 2024 disciplinary hearing; (3) Jackson was subjected to cruel and unusual punishment when he was denied constitutionally adequate medical care while housed in segregation pending his disciplinary hearing; (4) Defendants interfered with Jackson's constitutional right to access-to-the-courts by limiting his personal belongings to two storage bins and by not providing him with copies of his legal papers until his voucher has been verified; and (5) Defendants subjected him to unconstitutional conditions of confinement by imposing multiple "lockdowns." (R&R at 8.) Judge Brisbois recommended dismissing each claim. (*Id.* at 17.) He also recommended denying Jackson's pending motions as moot. (*Id.*)

Jackson objects to each recommendation. He also filed several new motions that are addressed below.

## ANALYSIS

### I.     Objections to R&R

The Court reviews the portions of the R&R to which Jackson objects *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Because Jackson is proceeding *pro se*, the Court construes his objection liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

#### *A.     Legal Standard*

Under Section 1915A, this Court must dismiss a complaint, or any portion of a complaint if it contains claims that are frivolous, malicious, or fail to state a claim upon

which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where the complaint is brought by a *pro se* plaintiff, this court will liberally construe the complaint. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Even so, *pro se* plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible" or their complaint must be dismissed. *Twombly*, 550 U.S. at 570.

Jackson appears to argue that the R&R misapplies relevant legal standards, but he fails to explain how the R&R's application of those legal standards is deficient. Jackson contends that the operative complaint should not be subject to dismissal under the standard set forth in *Twombly* and *Iqbal*, but fails to explain why. (*See* Obj. at 6 (citing first *Twombly*, 550 U.S. at 555, and then *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).)

Jackson also fails to explain how the R&R misapplied the standard for Section 1983 claims. To assert a Section 1983 claim, a plaintiff must show "a violation of a constitutional right committed by a person acting under color of state law." *Andrews v. City of W. Branch*, 454 F.3d 914, 918 (8th Cir. 2006). The R&R recommends dismissing the individual-capacity claims against Defendants because the complaint fails to assert particularized facts specifying what each defendants did (or failed to do) in violation of Jackson's constitutional right. Jackson points to Minnesota statutes and Department of Corrections policies to argue against dismissing the individual-capacity claims. (Obj. at

4

6–7.) But nowhere in the operative complaint or his objection does Jackson claim that either defendant was involved in, present for, or even aware of the events he claims violated his constitutional rights. *See Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Jackson objects to dismissal of his Section 1983 claims on the ground that his constitutional rights were violated. (Obj. at 9.) To make a prima facie Section 1983 claim, a plaintiff must show that the defendant's conduct caused a constitutional violation and that the challenged conduct was performed under the color of state law. *Magee v. Trustees of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014). Jackson's objection raises the same constitutional violations, but offers no new facts plausibly asserting that Defendants violated his constitutional rights. (Obj. at 9–10.) Because Jackson does not state a claim upon which relief can be granted, his operative complaint (ECF No. 9) is dismissed.

B.   *Judicial Bias*

Jackson next objects to the R&R on the grounds that Judge Brisbois was biased in his decision and therefore inappropriately recommended dismissal of Jackson's claims. Jackson's allegations are conclusory; he brings forward no evidence or colorable argument for bias. Mere assertions of bias are not a basis for reversal. *Soliman v. Johanns*, 412 F.3d 920, 923 (8th Cir. 2005).

## II.   Motions to File Amended Complaints

After the R&R was issued, Jackson filed two motions to file an amended complaint, each with a proposed amended complaint. (ECF Nos. 11, 11-1, 21, 21-1.) He then moved to strike the amended complaints and to file a third version of the amended complaint.[1] (ECF Nos. 23, 23-1.) The Court grants Jackson's request to strike the prior versions of the amended complaint, so his related motions to amend are denied as moot. (ECF Nos. 11, 21.) Jackson also moves to dismiss William Bolin as a defendant. (ECF No. 23.) The Court grants this request and dismisses Bolin as a defendant.

As for Jackson's most recent request to amend the complaint, Jackson has already amended his complaint once as a matter of course. (*See* ECF No. 9 (operative complaint).) Then "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court should only deny leave for a compelling reason such as "undue delay, bad faith, [] dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (citation omitted). A district court may find a proposed amended complaint futile if the court determines, as a legal matter, that the proposed amended complaint "could not

---

[1] Jackson continues to file additional documents related to this proposed amended complaint. (*E.g.*, ECF Nos. 25–29.)

withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

The Court denies the motion to amend the complaint as futile. First, the proposed amended complaint does not remedy the deficiencies of allegations in the operative complaint. It introduces pages of new allegations, meandering between unrelated claims and events, some of which occurred as recently as February 2025. (*Compare* ECF No. 9 (90-paragraph operative complaint), *with* ECF No. 23-1 (117-paragraph amended complaint filed with motion), *and* ECF No. 26 (121-paragraph "clean and corrected" amended complaint).) The amended complaint fails the "short and plain statement" standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure.[2] Moreover, very little, if any, of the new allegations adequately relates to the lone nominal defendant, Paul Schnell; the allegations about Schnell's personal involvement in the events at issue are largely perfunctory.[3] *See Jackson v. Schnell*, No. 23-cv-3827 (KMM/DLM), 2025 WL 889596,

---

[2] Jackson is subject to a filing restriction that prevents him from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer of this District. *Jackson v. Schnell*, No. 23-cv-366 (PJS/DTS), ECF No. 16 at 2 (D. Minn. May 24, 2023). United States District Judge Jeffrey M. Bryan granted Jackson's motion seeking permission to file a new civil complaint under Local Rules 72.1(c). (ECF No. 4.) Jackson's latest proposed amended complaint, with its new allegations, appears to be an attempt to evade the filing restrictions imposed to prevent omnibus complaints like those he has filed before. *See Jackson*, No. 23-cv-366 (PJS/DTS), ECF No. 16 at 1 ("Jackson is well known in this District for his 'kitchen-sink' pleadings." (collecting cases)).

[3] The new allegations assert that Jackson and other prisoners were exposed to toxic conditions of confinement at MCF Stillwater and other state prison facilities caused by a

at *1 (D. Minn. Mar. 24, 2025) (denying a motion to amend on similar grounds). Because nothing contained in either version of Jackson's proposed amended complaint alleges a plausible claim upon which relief can be granted, (*see* ECF Nos. 23-1, 26), Jackson's motion to amend his complaint is denied as futile.

### III. Other Motions

The R&R recommends dismissing two other pending motions. Jackson's "Motion Pursuant to Federal Rule of Civil Procedure (4)(c)(3)," asks the Court to order the U.S. Marshall Service to serve Defendants. (ECF No. 6.) Jackson also filed a "Motion Requesting that the Court Issue and Order of Reassignment of Related Cases and Consolidate the Above Matter," asking the Court to consolidate this action with two other pending actions in this District. (ECF No. 8.) These motions are rendered moot by dismissal of the operative complaint and denial of the motions to amend the complaint. *See also Jackson*, 2025 WL 889596, at *2 (denying similar motion to consolidate). In addition, the Court denies as moot Jackson's motion that the United States Marshal serve his summons and complaint. (ECF No. 25.)

### CONCLUSION

Based on the above and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

conspiracy between Schnell, his subordinates, and prior Commissioners of the DOC over the past 20 years, all in violation of the Eighth Amendment and Equal Protection Clause of the Fourteenth Amendment. (*E.g.*, ECF No. 23-1 at 3–4.)

1. Jackson's Objection (ECF No. 14) is OVERRULED;

2. The Report and Recommendation (ECF No. 10) is ACCEPTED;

3. Jackson's operative complaint (ECF No. 9) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. Section 1915A(b)(1);

4. Jackson's motion to strike previously filed amended complaints, to dismiss Defendant William Bolin, and to file an amended complaint (ECF No. 23) is GRANTED IN PART and DENIED IN PART as follows:

    a. The request to strike the prior amended complaints is GRANTED;

    b. The request to dismiss William Bolin as a defendant is GRANTED; and

    c. The request to file an amended complaint is DENIED; and

5. Jackson's other motions (ECF No. 6, 8, 11, 21, 25) are DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 9, 2025                               BY THE COURT:

                                                 s/Nancy E. Brasel
                                                 Nancy E. Brasel
                                                 United States District Judge